UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| AQUANA MCALISTER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | COMPLAINT |
| LEXINGTON MEDICAL CENTER ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### INTRODUCTION

1. Plaintiff Aquana McAlister (hereinafter referred to as "Plaintiff") brings this action against Defendant Lexington Medical Center (hereinafter referred to as "Defendant") based on Defendant's actions in discriminating and retaliating against Plaintiff on the basis of her race in violation of 42 USC 1981, Breach of Contract, and Breach of Contract accompanied by a Fraudulent Act.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this bring a proceeding to enforce rights and remedies secured under 42 U.S.C. Section 1981 and other Federal relief. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on state law.

3. Venue is proper in the Columbia Division, because the causes of action arose therein, the acts and practices complained of occurred there and it is where the Defendant does business and may be found.

### PARTIES

4. Plaintiff is an African American female citizen of the United States of America who resides in Richland County, South Carolina. She began her employment with Defendant in Lexington County and worked for Defendant in Lexington County at all relevant times.

5. Defendant, located in South Carolina, is a private nonprofit hospital with operations in the State of South Carolina.

## FACTS

6. Plaintiff began employment with Defendant as a Credentialed Trainer in May 2021.

7. The plaintiff is imminently and overqualified for this position as she has previous clinical experience, an MBA, and over ten years of experience in the field.

8. At the time of her hire and during her job interview, Plaintiff spoke to Brooke Barnes (WF), her supervisor, about moving up within the Hospital. Barnes affirmed Plaintiff's qualifications and acknowledged that there would be growth opportunities for her and that Defendant promotes from within.

9. The plaintiff's job duties as a credentialed trainer included maintaining accurate documentation, incorporating adult learning principles, and promoting change in workflows and best practices.

10. During this time period, Plaintiff reported directly to Barnes, who supervised twelve other individuals, only one of whom was African American. Of all of these individuals, Plaintiff was the most qualified for her position and was more qualified to move up within the Company than her peers.

11. During her tenure working for Defendant, Plaintiff performed her job well and received consistent raises and praise from her teammates for her excellent job performance.

12. On or about late 2021, the Plaintiff applied for an Application Analyst Role within the company. Despite her stellar qualifications, She was denied this promotion. A lesser-qualified Caucasian female was hired into her role. This was just the beginning of the Plaintiff being denied roles that she was fully qualified for in favor of her lesser-qualified Caucasian Counterparts.

13. On or around early 2022, Plaintiff applied for an Information System Specialist role within the company. Plaintiff was very qualified for this position but was denied the promotion by Barnes, who instead gave the promotion to two Caucasian female workers who were less qualified than Plaintiff.

14. Two positions opened up for Information System Specialists (Principal Trainers) on or around mid-2022. Plaintiff applied for and was denied these positions despite her qualifications. The defendant again hired two Caucasians with fewer qualifications into the position.

15. The plaintiff again applied for two available Information System Specialist positions between September 2023 and March 2024. Plaintiff was again denied an opportunity to advance on these occasions despite her stellar qualifications. Barnes pretextually cited "communication" as a reason for not promoting Plaintiff without regard to the fact that Plaintiff's communication was no worse than that of any of her similarly situated Caucasian colleagues who were promoted.

16. Plaintiff is informed and believes that Defendant maintained a practice of promoting Caucasian workers into Senior Information System Specialist Roles with no prior IT experience and without them having first worked as Credentialed Trainers within Defendant's system.

17. Defendant's promotion of lesser qualified Caucasian workers over Plaintiff into Information System Specialist positions amounts to direct race discrimination in violation of 42 USC 1981 as Defendant's stated reasons for not promoting Plaintiff are false and pretextual.

18. On April 29, 2024, due to Defendant's continual failure to promote Plaintiff into jobs for which she was qualified, and as a direct consequence of the racial discrimination she had been receiving, Plaintiff informed Defendant that she was resigning her employment effective May 10, 2024.

19. Defendant accepted Plaintiff's resignation and required that Plaintiff work through to May 24, 2024 for her to receive her PTO time.

20. Prior to the expiration of the notice period, Defendant terminated Plaintiff on May 17, 2024 to prevent Plaintiff from receiving her PTO time.  This evidences the discriminatory animus demonstrated by Defendant as Defendant terminated Plaintiff's employment pretextually.

21. As a result of Defendant's failure to promote Plaintiff and termination of Plaintiff's employment, Plaintiff has suffered financially and has been left with no other recourse but to file this action.

**FOR A FIRST CAUSE OF ACTION - RACE DISCRIMINATION (42 USC Section 1981**

22. Each and every allegation set forth above is hereby repeated as fully incorporated herein.

23. Plaintiff is a member of a protected group on the basis of her race.  Plaintiff was discriminated against based on her race in violation of 42 U. S.C. § 1981.

24. Plaintiff is informed and believes that because of her race, African American, she was denied promotion to an Information System Specialist role while her similarly situated Caucasian colleagues were allowed to be promoted within Defendant's organization.

25. Plaintiff was terminated pretextually and as in furtherance of Defendant's racially discriminatory motives.

26. Plaintiff asserts that the on the job treatment and retaliation were pretextual.  Plaintiff alleges Defendant intentionally initiated the discriminatory practices against Plaintiff

based on her race.

27. Defendant was reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. Knowingly not promoting Plaintiff despite her qualifications exceeding that of her Caucasian comparators.

   b. In subjecting Plaintiff to disparate treatment as compared to her similarly situated Caucasian counterparts under like circumstances to include termination.

28. In failing to protect Plaintiff from racial discrimination, preferential treatment or retaliation, Defendants acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. Sec 1981.

29. The Defendant violated 42 U.S.C. Sec. 1981 by allowing the racial discrimination, preferential treatment and retaliation to exist in the workplace.

30. Defendant's racial discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

31. Due to the acts of Defendant, its agents, and its employees, Plaintiff is entitled to injunctive relief, punitive and/or civil damages.

## FOR A SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

32. Each and every allegation set forth above is hereby repeated as if fully incorporated herein.

33. Defendant publishes and maintains an employee handbook, which definitely assures employees that they will be treated in a nondiscriminatory and fair manner.

34. Plaintiff relied on the promises contained in the employee handbook and other related policies governing fairness in the work place, and which prohibit the discriminatory and unfair treatment that she experienced working for the Defendant.

32. Defendant further states, in its handbook, that it will comply with the requirements of the law in implementing equal employment decisions.

33. Plaintiff and Defendant entered into a binding and valid contract whereby Plaintiff relied on Defendant's policies and procedures pursuant to its employee handbook and the above policies, and procedures.

34. Plaintiff agreed to fulfill the duties of her position in exchange for valuable consideration and salary with the promise of being protected from unlawful discrimination.

35. Plaintiff performed her job duties with due diligence, however Defendant, through its agents, unjustifiably failed to perform its duties by failing adhere to its promises of protection under the employee handbook to include the Defendant's EEO policies.

36. All of these actions violate the contractual anti-discrimination provisions within Defendant's employment handbook (contract), and other contractual policies and procedures of the Defendant.

37. Defendant's conduct, by and through their agents, were done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

38. As a result of Defendant's breach of contract, Plaintiff has suffered actual, compensatory, physical, mental, emotional and consequential damages stemming from the breach and other such damages as are allowable by law.

## FOR A THIRD CAUSE OF ACTION
## BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT

39. Each and every allegation set forth above is hereby repeated as if fully incorporated herein.

40. Defendant publishes and maintains an employee handbook, which definitely assures employees that they will be treated in an non discriminatory and fair manner.

41. Plaintiff relied on the promises contained in the employee handbook and other related policies governing fairness in the work place and which prohibit the discriminatory and unfair treatment that she experienced working for the Defendant.

42. Defendant further states, in its handbook, that it will comply with the requirements of the law in implementing equal employment decisions.

43. Plaintiff and Defendant entered into a binding and valid contract whereby Plaintiff relied on Defendant's policies and procedures pursuant to its employee handbook and the above policies, and procedures. Defendant disregarded these policies in discriminating against Plaintiff.

44. Plaintiff agreed to fulfill the duties of her position in exchange for valuable consideration and salary with the promise of being protected from unlawful discrimination.

45. Plaintiff performed her job duties with due diligence, however Defendant, through its agents, unjustifiably failed to perform its duties by failing adhere to its promises of protection under the employee handbook to include the Defendant's EEO policies.

46. All of these actions violate the contractual anti-discrimination provisions within Defendant's employment handbook (contract) and other contractual policies and procedures of Defendant.

47. Defendant's conduct, by and through their agents, were done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

48. Defendant, by and through its agents, has failed to fulfill its obligation under its own written policies and has breached the terms thereof by reason of an intentional design on its part to defraud Plaintiff.

49. In furtherance of such intentional design, Defendant, through its agents, intentionally and maliciously placed Plaintiff in a position of being subjected to racial mistreatment. It was readily apparent that Defendant's false reassurances were fraudulent as Defendant's continual violations of its own policy demonstrated.

50. Defendant's conduct, by and through its agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract and handbook.

51. As a direct and proximate result of Defendant's breaches of Defendant's own policies, the Handbook and contract and procedures Plaintiff has been maligned and has suffered damages to include loss of sleep, mental anguish, emotional pain and suffering, and other compensatory, actual, and special damages due to the Defendant's failure to adhere to the terms of the policies established by the Defendant resulting in a breach of Plaintiff's employment contract accompanied by the above fraudulent acts as it relates to the Defendant.

## JURY TRIAL REQUESTED

52. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendants' actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

(1) Declaring the actions complained of herein illegal;

(2) Issuing an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants, and at their

direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of 42 USC Section 1981, and the common laws of the State of South Carolina to include Plaintiff's claim for breach of contract and breach of contract accompanied by a fraudulent act.
.

    (3) Awarding Plaintiff compensatory and punitive damages for each Cause of Action contained herein, which the jury should find appropriate as a result of the Defendant's unlawful discriminatory actions taken as the result of Plaintiff's race and other pled causes of action; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, punitive damages, fringe benefits, and retirement benefits;

    (4) Awarding Plaintiff her costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

    (5) Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

                                      RESPECTFULLY BY:
                                      s/Aaron V. Wallace
                                      Aaron V. Wallace (11469)
                                      Wallace Law Firm
                                      1416 Laurel Street, STE B
                                      Columbia, SC 29210
                                      PH 803-766-3997
August 28, 2024                       Fax:839-218-5786