IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Aquana McAlister, | C/A. No. 3:24-4686-CMC-TER |
| Plaintiff, | |
| v. | Order |
| Lexington Medical Center, | |
| Defendant. | |

This matter is before the court on the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, recommending the court grant in part and deny in part Lexington Medical Center's ("LMC") partial motion to dismiss. For the reasons discussed below, the court agrees with the Magistrate Judge's reasoning and adopts the Report in full.

## I. BACKGROUND

This case concerns Plaintiff Aquana McAlister's ("McAlister") employment with and ultimate termination from LMC. McAlister, who is African American, began working for LMC as a Credentialed Trainer in May 2021. ECF No. 1 at ¶ 6. McAlister's direct supervisor during her employment with LMC was Brooke Barnes ("Barnes"). *Id.* at ¶ 10. Barnes reportedly told McAlister during her job interview there "would be growth opportunities for her" at LMC, noting the company "promotes from within." *Id.* at ¶ 8. From late 2021 to March 2024, McAlister applied for several promotions at LMC but was passed over each time. *Id.* at ¶¶ 12–15. She claims the positions were given to less-qualified white candidates. *Id.*

On April 29, 2024, McAlister informed LMC she was resigning, effective May 10. *Id.* ¶ 18. According to the Complaint, LMC accepted McAlister's resignation but "required" that she

work until May 24 to receive her accrued paid time off ("PTO"). *Id.* at ¶ 19. Despite this arrangement, LMC terminated McAlister a week early on May 17, allegedly "to prevent [her] from receiving [the] PTO" she was owed. *Id.* at ¶ 20.

On August 28, 2024, McAlister filed this lawsuit against LMC, asserting claims for race discrimination in violation of 42 U.S.C. § 1981, breach of contract, and breach of contract accompanied by a fraudulent act. *Id.* at ¶¶ 22–31, 32–38, 39–51. On October 15, 2024, LMC moved to dismiss McAlister's § 1981 claim related to the "acceleration of her resignation notice period," as well as her claims for breach of contract and breach of contract accompanied by a fraudulent act.[1] ECF No. 5. The Magistrate Judge issued his Report on March 13, 2025. ECF No. 10. The Report first recommends the court deny the motion to dismiss as it relates to McAlister's § 1981 claim, finding she has plausibly alleged an adverse employment action.[2] *Id.* at 6. It then recommends dismissing McAlister's contract-related claims for failure to allege the existence of an enforceable contract. *Id.* at 10. McAlister filed objections to the Report on March 20, 2025. ECF No. 13. LMC replied on March 31, 2025. ECF No. 16. This matter is ripe for review.

---

[1] LMC specified it was not moving to dismiss the § 1981 claim based on its alleged failure to promote.

[2] LMC did not object to this recommendation.

2

## II. LEGAL STANDARDS

<u>Federal Rule of Civil Procedure 12(b)(6)</u>

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In deciding a Rule 12(b)(6) motion, the court "accept[s] the factual allegations of the complaint as true and construe[s] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).

<u>Review of a Report and Recommendation</u>

The Report carries no "presumptive weight," and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the [R]eport . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court

3

reviews only for clear error, *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the Report, *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

### III. DISCUSSION

McAlister objects to the Report on five grounds. Each is addressed below.

Objection 1

McAlister first argues the Magistrate Judge incorrectly concluded she had not plausibly alleged LMC's employee handbook contained mandatory language giving rise to an enforceable contract. ECF No. 13 at 2–3. In her Complaint, McAlister alleges LMC "publishes and maintains" a handbook containing "anti-discrimination provisions" that "definitely assure" employees "will be treated in a nondiscriminatory and fair manner." ECF No. 1 at ¶¶ 33, 36. And she claims LMC breached a contract created by this handbook by "failing to adhere to its promises of protections."[3] *Id.* at ¶ 35. The Magistrate Judge found these allegations insufficient to alter the presumption of at-will employment, noting courts in this district "have routinely held that anti-discrimination policies cannot sustain a breach of contract claim." ECF No. 10 at 6–9.

The Magistrate Judge did not err in this conclusion. The Complaint identifies no language "impos[ing] a limitation on [LMC's] right to terminate [McAlister] at any time, for any reason." *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 698 (S.C. 2005); *Weaver v. John Lucas Tree Expert Co.*, No. 2:13-CV-01698-PMD, 2013 WL 5587854, at *6 (D.S.C. Oct. 10, 2013) (explaining that to alter an employee's at-will status, a handbook provision "must limit either

---

[3] McAlister did not attach the handbook to her Complaint.

4

the duration of the employment or the employer's right to terminate the employee"). "[A] general policy statement of nondiscrimination" — like the one alleged — "does not create an expectation that employment is guaranteed for any specific duration or that a particular process must be followed before an employee may be fired."[4] *Hessenthaler*, 616 S.E.2d at 698. McAlister's first objection is overruled.[5]

---

[4] *See, e.g.*, *King v. Marriot Int'l, Inc.*, 520 F. Supp. 2d 748, 756 (D.S.C. 2007) ("Marriott's promise that 'there will be no discrimination or recrimination' against an employee who asserts a complaint against the Company does not create an expectation that employment is guaranteed or that a particular process must be complied with before an employee is terminated."); *Brailsford v. Fresenius Med. Ctr. CNA Kidney Ctrs. LLC*, No. 2:15-cv-04012-DCN, 2017 WL 1214337, at *7 (D.S.C. Apr. 3, 2017) ("The fact that an employer is obligated to protect employees from harassment or investigate workplace incidents has little to do with the employer's obligation to maintain the employment relationship."); *Ludwick v. Urban Nirvana, LLC*, No. 2:23-cv-03372-BHH-MHC, 2023 WL 9065095, at *5 (Dec. 12, 2023) ("Defendant's Equal Opportunity Employer policies and procedures alleged in the Complaint are not sufficient to alter Plaintiff's at-will employment status or sustain a cause of action for breach of contract."), *report and recommendation adopted by* 2024 WL 38739 (D.S.C. Jan. 3, 2024).

[5] In her response to LMC's motion and objections to the Report, McAlister also claims the handbook sets forth a policy of promoting within the company. ECF No. 7 at 10; ECF No. 13 at 2. But this allegation was not included in the Complaint, so the court will not consider it now. *S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing."); *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) ("[A plaintiff] is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint.").

For the same reason, the court will not consider McAlister's argument that the parties formed a two-week contract covering the period from May 10 to May 24, 2024. ECF No. 7 at 6; ECF No. 13 at 2–3. As the Magistrate Judge correctly observed, McAlister "makes no allegation in her Complaint that the 'require[ment]' that she work until May 24, 2024, created a contract or that Defendant breached any such contract. The only contract she alleges existed is the employee handbook." ECF No. 10 at 9.

Objection 2

McAlister next argues the Magistrate Judge usurped the jury's role in determining whether the parties formed an enforceable contract. ECF No. 13 at 3; *see Hessenthaler*, 616 S.E.2d at 697 ("The issue of whether an employee handbook constitutes a contract should be submitted to the jury when the issue of the contract's existence is questioned and the evidence is either conflicting or is capable of more than one inference."). This argument also lacks merit. The Complaint does not contain sufficient "factual content [to] allow[] the court to draw the reasonable inference that" McAlister's at-will status had been altered by LMC's handbook. *Iqbal*, 556 U.S. at 678. As a result, her contract-related claims are properly subject to dismissal under Rule 12(b)(6) for failure to state a claim. *Brailsford v. Fresenius Med. Ctr. CNA Kidney Ctrs. LLC*, No. 2:15-cv-00239-DCN, 2015 WL 4459032, at *3 (D.S.C. July 21, 2015) ("[T]o survive a motion to dismiss on a claim for breach of contract of employment, a plaintiff must plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship."). McAlister's second objection is overruled.

Objections 3 and 4

In her third and fourth objections, McAlister contends the Magistrate Judge erred in recommending dismissal of her breach of contract accompanied by a fraudulent act claim. According to McAlister, the Magistrate Judge wrongly held she had "failed to allege a fraudulent act accompanying the breach" and "misapplie[d] the timing requirement for fraudulent acts" by concluding her "allegations pertain only to the formation of the contract, not its breach." ECF No. 13 at 3–5. But the Magistrate Judge never addressed the fraudulent act element. Rather, he determined — correctly — that McAlister's "fail[ure] to allege the existence of a valid contract"

was fatal to her claim. ECF No. 10 at 10; *see Armstrong v. Collins*, 621 S.E.2d 368, 377 (S.C. Ct. App. 2005) ("Having a contract is a prerequisite to proving breach of contract accompanied by a fraudulent act."). McAlister's third and fourth objections are overruled.

Objection 5

Finally, McAlister claims the Magistrate Judge erred in failing to consider her quasi-contractual claim for promissory estoppel. ECF No. 13 at 5–6. The Magistrate Judge declined to address this cause of action because it was not raised in the Complaint. ECF No. 10 at 9–10. This was not error. 61B Am. Jur. 2d *Pleading* § 817 (Jan. 2025 update) ("A trial court cannot enter a judgment on a cause of action not pleaded, and a party cannot bring an action based on one cause of action and recover on another." (footnote omitted)); *see also McDabco, Inc. v. Chet Adams Co.*, 548 F. Supp. 456, 459 (D.S.C. 1982) (holding a cause of action "styled breach of contract" could not be used "to properly allege an affirmative claim for relief based on promissory estoppel"); *Szymanski v. Evans*, 438 F. Supp. 3d 790, 796 (E.D. Mich. 2020) ("Plaintiff does not assert a claim for promissory estoppel in his Complaint and cannot now raise that claim in response to Defendant's motion to dismiss."); *Boshea v. Compass Mtkg., Inc.*, No. ELH-21-309, 2025 WL 580365, at *18 (D. Md. Feb. 20, 2025) ("If Boshea seeks to invoke promissory estoppel, he must assert a claim for it in the complaint."). McAlister's fifth objection is overruled.

## IV. CONCLUSION

After reviewing the objected-to portions of the Report de novo and the remainder for clear error, the court adopts Magistrate Judge Rogers' Report (ECF No. 10) and incorporates it herein. LMC's motion to dismiss (ECF No. 5) is granted in part and denied in part. McAlister's claims for breach of contract (Count II) and breach of contract accompanied by a fraudulent act (Count

7

III) are dismissed. The race-discrimination claims in Count I based on LMC's failure to promote and the acceleration of McAlister's resignation shall proceed. This matter is recommitted to the Magistrate Judge for further pretrial proceedings.

    **IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 7, 2025